UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER J. FREDERICK,

        Plaintiff,

  -v-

COMMISSIONER OF SOCIAL SECURITY,[1]

        Defendant.
_____

16-CV-898-MJR

DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 21).

Plaintiff Christopher J. Frederick brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying him Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Frederick's motion (Dkt. No. 16) is granted, the Commissioner's motion (Dkt. No. 19) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

---

[1]     The Clerk of Court is directed to amend the caption accordingly.

## BACKGROUND

On January 3, 2013, Frederick filed applications for DIB and SSI alleging disability since December 30, 2007 due to bipolar disorder, schizophrenia, and kidney disease. (*See* Tr. 115-16, 177-86, 200).[2] Frederick later amended his alleged onset date to December 2012. (Tr. 84-85). Frederick's applications were denied on June 11, 2013 (Tr. 115-28), after which he requested a hearing before an Administrative Law Judge. On January 16, 2015, Frederick, represented by counsel, appeared before Administrative Law Judge William M. Weir (the "ALJ") for a hearing. (Tr. 54-86). On April 22, 2015, the ALJ issued his decision denying Frederick's DIB and SSI claims. (Tr. 21-43). Frederick requested review by the Appeals Council, but on September 12, 2016, the Appeals Council denied Frederick's request, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-7). This action followed.

## DISCUSSION[3]

Frederick argues, *inter alia*, that the ALJ failed to adequately develop the record and that this case should therefore be remanded. The Court agrees.

"'[T]he ALJ, unlike a judge in a trial, must . . . affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'" *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). "This duty to develop the administrative record requires the ALJ to make 'every reasonable effort to help [the claimant] get medical reports from [his or her] own medical sources.'" *Devora v. Barnhart*, 205 F. Supp. 2d 164, 172 (S.D.N.Y. 2002) (alterations in original) (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir.

---

[2]  References to "Tr." are to the administrative record in this case.
[3]  The Court assumes the parties' familiarity with the record.

1996)). The ALJ has a duty to develop the record even where, as here, the claimant is represented by counsel. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); *see also Cancel v. Colvin*, No. 14-cv-2034(PKC), 2015 WL 865479, at *5 (S.D.N.Y. Mar. 2, 2015) ("It is somewhat troubling that [plaintiff's] counsel at the 2012 hearing failed to bring these deficiencies in the medical record to the ALJ's attention; counsel is thus at least partly responsible for the ALJ's error. Nevertheless, the law is clear that an ALJ's duty to develop the record exists irrespective of whether the claimant is represented."); *Sotososa v. Colvin*, No. 15-CV-854-FPG, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) ("[T]he ALJ did not satisfy his duty to develop the record just because he told [plaintiff's] attorney to obtain the missing records."). It is incumbent upon the ALJ to develop evidence where it is apparent from the face of the record that the record lacks necessary information. *See Rodriguez v. Colvin*, No. 14-CV-214S, 2015 WL 5037014, at *4 (W.D.N.Y. Aug. 25, 2015).

Here, Gayle Hayes, a licensed clinical social worker for the Lake Shore Behavioral Health ACT Strive Program ("Lake Shore"), testified at the ALJ hearing that Lake Shore began providing mental health treatment to Frederick in July 2014. (Tr. 72-73). Lake Shore treated Frederick at his home six times a month, providing him with one-on-one counseling and assistance in managing his medication. (Tr. 73-74). It also arranged for a psychiatrist to visit Frederick once a month. (Tr. 74). While the record contains a diagnostic review, initial psychiatric evaluation, and comprehensive behavioral health assessment from Lake Shore (Tr. 474-500), it does not contain treatment records reflecting the in-home visits, thus leaving a gap in the record that should have been filled by the ALJ.

The Lake Shore records are important for at least two reasons. First, around the time Frederick received the in-home visits, he also received inpatient mental health treatment on three separate occasions (Tr. 467-73), which might indicate that he was decompensating. Second, the records appear to be relevant to Frederick's compliance with his medication regimen. In concluding that Frederick is not disabled, the ALJ relied, at least in part, on his determination that Frederick "was not taking his medications properly." (Tr. 30). These Lake Shore records may provide additional relevant information regarding Frederick's compliance.

Accordingly, for these reasons, the Court remands this case to the Commissioner to further develop the record by obtaining the missing Lake Shore treatment records. *See Sotososa*, 2016 WL 6517788, at *3-4 (remanding where it was "apparent" that some of the plaintiff's mental health treatment notes were missing from the record).[4]

On remand, the ALJ should also consider the additional issues raised by Frederick in this case, namely: (1) the ALJ should consider Frederick's bipolar disorder at Step Two of the disability analysis and whether this disorder affected his ability to comply with his medication regimen; and (2) the ALJ should expressly evaluate and weigh the testimony and opinion of Frederick's social worker, Gayle Hayes.

## **CONCLUSION**

For the foregoing reasons, Frederick's motion for judgment on the pleadings (Dkt. No. 16) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No.

---

[4] Frederick also claims that records relating to his treatment with "Chautauqua County Mental Health – Health Home," "CCMH – Supportive Case Management," and "PROS – The Resource Center" (*see* Tr. 484) might be missing from the record. (Dkt. No. 16-1 (Frederick Memo. of Law) at 15). On remand, the ALJ should attempt to obtain these records as well.

19) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     August 31, 2018
           Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge